The first case of the afternoon is case number 4-14-0413, People v. Charles Coleman. Appearing for the appellant is Attorney Richard Whitney and for the appellee, Attorney Luke McNeil. Mr. Whitney. Thank you. Good afternoon, your honors. May it please the court, counsel. I begin with a preliminary matter. I understand that the state has filed a motion for this court to consider some additional authority, that being People v. Couch. I just wanted to state on the record that not only do I not object to the state's motion, I second the motion as it were, and agree that it is relevant authority that should be considered by the court here, and I am prepared to discuss it if the court so chooses. We are here on review of a circuit court's dismissal of Mr. Coleman's post-conviction petition at the first stage. When such a petition as this one alleges ineffective assistance of appellate counsel, the petition should not be dismissed at the first stage if it is arguable that appellate counsel's failure to raise an issue was objectively unreasonable, and if it is arguable that the judgment of conviction or sentence, in this case the sentence, should have been reversed had the issue been raised. In this appeal, we know that both prongs can be satisfied of this arguable Strickland test, because this court's prior Rule 23 order on Mr. Coleman's direct appeal virtually requires that result. In that appeal, appellate counsel attempted to raise a claim that the trial court erred when it considered Mr. Coleman's decision not to testify at trial as a factor in aggravation at sentencing. This court rejected that argument, not on the merits, but on the ground that this sentencing issue had been forfeited. Mr. Coleman's trial counsel failed to include this claim in his motion to reconsider a sentence, and while appellate counsel on the direct appeal attempted to bring it to this court under the plain error doctrine for this court's consideration, this court cited three cases that it characterized as directly on point, holding that such sentencing errors do not qualify for plain error review. Therefore, it is at least arguable that it was objectively unreasonable for appellate counsel to not raise the glaring issue of ineffective assistance of trial counsel, and instead relied solely on a doctrine that had been decisively shot down by the appellate court three times. In the same Rule 23 order, this court also agreed that, and I quote, a trial judge should not consider, much less comment negatively on, a defendant's exercise of his constitutional right not to testify, end quote. But that trial counsel's failure to raise that issue in his motion to reconsider a sentence denied the trial court the opportunity to clarify or disavow its remark. Therefore, had appellate counsel on the direct appeal raised the issue of ineffective assistance of trial counsel on that direct appeal, it is at least arguable that the sentence would have been reversed. Now, in its brief, the state never really answered this argument, but instead replicated the same error as the court below did by prematurely arguing the merits of the claim instead of addressing the appropriate question for the first stage, which is simply whether there was enough of a constitutional claim here, just of a constitutional claim, to warrant the appointment of post-conviction counsel and allow the defendant to develop his claim at the second stage. Indeed, I would submit to you that the very fact that the state had to present an argument rather than a simple rebuttal based on the record demonstrates that there was an arguable Strickland violation here. The state wants this court to set aside the clear procedural infraction that occurred here committed by the trial court. But the sole question before this court now is whether the circuit court erred in dismissing Mr. Coleman's petition at the first stage. It was authorized to do so only if the claims made therein were frivolous or patently without merit. This claim was not frivolous or patently without merit, as it was soundly grounded in the court's Rule 23 order, as I just outlined. It follows that the court below committed reversible error when it ignored its very simple and basic first stage screening function, ignored the correct standard to apply, never even addressed the ineffective assistance of appellate counsel claim, never applied a test for that claim, and on top of that proceeded to interpret the record rather than simply search the record to rebut factual allegations in order to dismiss the petition. So for these reasons, we believe it's very clear that the trial court erred and that this has to go back for second stage proceedings. With respect to the Couch case, I don't know if the court needs me to refresh its recollection of its 2012 decision or if it has had an opportunity to review that matter. But basically, the appellate court majority, well, first of all, I should say the state in Couch conceded, in contrast to the position it takes here, that the trial court should not have relied on its own knowledge to dismiss a post-conviction petition at the first stage. And the majority agreed, holding that even though it was highly probable that the allegations made in the post-conviction petition were factually wrong, it was still improper to dismiss it on that basis, on the basis of facts extrinsic to the record. The Couch case was the case from 2012 in which the defendant, in his post-conviction petition, had alleged certain facts about the sentencing judge having basically a conflict of interest that, as a youth, the defendant had had a fight with the judge's stepson and that his mother had publicly condemned the trial judge for having an affair with a married man. You can't make this stuff up. That was what the allegations were. And when it came to, for a post-conviction, on the post-conviction petition, a different trial court judge says, well, I know the other judge and that's not the person she was married to. Your facts are wrong. She never had a stepson. Basically, the second trial court judge had personal knowledge of facts that basically could refute the facts that were being raised in the post-conviction petition. However, those facts were not facts of record. And the court in Couch, I think quite properly, strictly applied the rule for post-conviction petitions. You only examine, and quoting from the opinion, at the first stage, the trial court examines the post-conviction petition only to determine whether the petition alleges a constitutional deprivation that is unrebutted by the record, rendering the petition neither frivolous nor patently without merit. And that is the correct standard. And it applied that correct standard and properly ruled that even though, on the face of it, some of the allegations seemed outlandish, and even though the trial court judge, ruling at the first stage, knew from facts extrinsic to the record that they were outlandish, or at best very difficult to prove, nonetheless, that was improper to consider those facts extrinsic to the record. And that was really the point here. Similarly, in the case at Barr, you had a trial court judge that considered facts extrinsic to the record. The court made a statement implicated, actually talking about the defendant's failure to testify at trial, which was improper, but in ruling on Mr. Coleman's petition at the first stage, considered facts extrinsic to the record. Namely, it was the same judge in this case, and he said, well, what I meant to say was I was actually considering it more like a factor in mitigation than a factor in aggravation, words to that effect. Nonetheless, this is improper. Following the same rule as the majority in Coleman, and actually I think even the concurring opinion would agree on the facts of this case, that you cannot consider these kinds of extrinsic facts, even though the judge had personal knowledge of them, similar to the judge in the Couch case. Therefore, I would submit to you that the Couch case actually supports our argument here that there was a misapplication of the rule. The only other thing I'd mention here, I think we've dealt in the brief, that clearly this was not barred by the doctrine of res judicata. I don't think the state really disputes that. And the other authority that we cited in the brief that was the Carballito case, and following Carballito, basically the lesson from that case is that if the record here had revealed, for example, that the court had never made any statement at all about the defendant's failure to testify, well, that would be an example of the record rebutting, positively rebutting, an allegation of fact made at the first stage. But that's not what happened here. The statement was made. The question is, what did it mean? And that's something that's subject to argument. So for these reasons, we ask this court to respect the clear rules of procedure on a first stage dismissal of a post-conviction petition, and as it did in Couch, to reverse the court's order, summarily dismissing the petition at the first stage  Thank you, Your Honors. Thank you. Mr. McNeil. May it please the Court. At the first stage of the post-conviction petition, just like any stage, the Strickland test applies to ineffective assistance of counsel claims. Here, the easiest way to dispose of defendant's argument is there's no arguable basis that he was prejudiced. The easiest way to know this is the trial court's own clarification at the post-conviction, in dismissing his post-conviction petition, that indeed, defendant couldn't be prejudiced. This was a factor in mitigation, not aggravation. As I'll get to later, this was not improper for the trial court to say. It didn't violate any procedural rules at the first stage, because this was not a well-pleaded fact that the trial court was rebutting. This was a conclusory statement by the defendant in his post-conviction petition to say that the trial court must accept this as a well-pleaded fact, is basically saying that defendant's whole assertion is true. So clearly, defendant can't establish prejudice here. Therefore, the trial court properly dismissed the petition. There are multiple ways, besides that, that this court can determine the defendant was not prejudiced. The other easiest way, if we want to even assume that the trial court's comment about defendant not testifying was error, we can look to People v. Bork, the Illinois Supreme Court case I cited in my brief. There, it was factually similar. In fact, this case is even more drastic than in Bork. That court, the Supreme Court in Bork, held that even though the trial court considered these improper factors, defendant's sentence was not increased based on the fact that the trial court only mentioned these comments in passing, and that the defendant's sentence was substantially below the statutory maximum. Here, even more so than in Bork, defendant's sentence was only two years above the minimum. The range was 9 to 80. He got 11 years. So, almost 70 years below the maximum, only two years above the minimum. And also, like in Bork, these comments were, well, exactly comments. The trial court had already gone through the statutory factors in aggravation and mitigation, then stated prior to this whole section that I'm going to make some comments now. So clearly, the fact that the court says he did not testify, which is very significant to the court, the court had already mentioned his prior criminal history, an extensive prior criminal history. The court mentioned that the defendant failed to take responsibility for this crime. The court mentioned that this was a serious drug offense in its eyes. So, if even we assume that this is supposedly very significant, that he did not testify, it's hard to say that how much more could the trial court, how much lower could the sentence be? They consider this negative, but it's very significant. And they already mentioned all these other negatives against the defendant. It defies logic that they would only give him two years above the minimum and almost 70 years below the maximum. So, pursuant to People v. Bork is another avenue that the defendant clearly was not prejudiced here. For thoroughness sake, the whole contested statement at sentencing by the trial court was this, with the sentence before that. In terms of what I find to be significant here, this is obviously a very serious drug offense in the court's opinion. And maybe the defendant gets a little closer, but he still has not accepted responsibility for his conduct in this particular case. Although, he did not testify, which is very significant to the court. The whole sentence, the whole statement before this sentence about not testifying is a negative against the defendant. We're all familiar with the usage of the English language. The word although at the beginning of the sentence means it's in contrast to the previous sentence that the court just said. The cold record demonstrates, especially as I read it aloud, how it would be in court. The cold record demonstrates that all this negative stuff about the defendant, however, he didn't testify, which is very significant to the court. It's clear as it's stated in its clarifying statement in dismissing this post-conviction petition, it's clear that this was a factor in mitigation, not an aggravation. And finally, it's procedurally proper, or at least not improper for the trial court to comment on this matter. The trial court, the trial judge was the same as it was in sentencing. This was not a well-pleaded fact that had to be accepted as true. Again, this was a conclusory statement. Even assuming it was a well-pleaded fact, the Justice Steigman's special concurrence in People v. Couch provides ample guidance here. The applicable quotes are, Defendant's claims of constitutional deprivation were based on assertions that Judge DeArmond, that was a post-conviction judge, knew were not true. When, as here, a trial court considering a defendant's post-conviction petition at the first stage knows personally that the petition is not reality-based, it would be absurd to require that the court must nonetheless accept the petition's assertions unless they are contradicted by the record. Here it would be even more absurd than in Couch. In Couch, the trial court really did have to look at facts outside of the record. They had to look at the sentencing judge, which was a different judge, the sentencing judge's personal life, married, how many kids she had, etc. Here, this is the same judge. It's personal knowledge. It would be absurd to run this all the way up to the flagpole and take it all the way to an evidentiary hearing. The outcome of the proceedings would not be different. At some point, the trial court, whether by affidavit, testimony, or whatever, even if there's a different judge, at some point the trial court's going to clarify that, no, this whole thing is based on a premise. But isn't the question at what point that occurs? Is that appropriate for the first stage, or should that be the second or third stage? As you state in your special concurrence, when it's absurd, the reality-based personal knowledge... Would the reality-based exception, as I wrote in Couch, apply in a case where what the defendant is saying, look what the judge said, and essentially the question is, what does it mean? When the trial judge himself knows exactly what it means. But that's evidence, isn't it? Isn't he providing his own evidence as to what he meant? In other words, at the first stage, isn't it essentially a two-step process? One, does the post-conviction petition filed typically by some inmate set forth the gist of a claim, and if it does, is it automatically refuted by the record previously made, as opposed to making any further record or presenting evidence? So the presenting evidence aspect would be second stage. To this trial court, it was completely contradicted by the record. No, it wasn't. There was nothing on the face of what he said. There was nothing in the petition which contradicted the idea that the trial court may have considered his failure to testify as an aggravating factor. Again, I would submit that the cold record demonstrates that this was not a factor in aggravation. This was a factor in mitigation. Even just reading it, the defendant can interpret anything however he wants in a post-conviction petition. Given the threshold is supposed to be so low, why should we be playing these games? Why shouldn't the court simply say, let's have evidence presented, including my own perhaps. Maybe the judge will provide some additional information. I have some other judge here. I don't know what's going to happen in remand, but isn't the rule generally, don't take evidence at first stage, Judge? Yes. Didn't he provide evidence in his explanation at the first stage of why he was denying this? He provided a clarification, and it would be way less than the evidence provided in the court's opinion, or the court's dismissal in Couch. Couch was, to the extent there was such a thing, the reality-based exception. This was no reality-based exception. It was a matter of what did the language mean? Well, I would submit that it was the personal knowledge of that trial court. Again, there would be a reality-based exception to him. At some point, this argument is premised on something that is incorrect. I know you're familiar with it, but you forgot to mention one other aspect of the special concurrence, which I fleshed out by pointing out that the reality-based exception would apply when the post-conviction petition alleged that the judge was from the planet Xenon, and his due process rights were violated because he was entitled to be tried by a human being. That's the kind of reality-based exception that would apply. How does that work when we're dealing with remarks of the trial judge on the record and interpretation of them? Again, because this was the same trial judge, if this was a different trial judge… So he's providing evidence. He provided clarification. Well, why should we be wrestling with all this? Because it's a matter of judicial economy. Well… To take this all the way to an evidentiary hearing when the outcome of the proceedings won't be different. You mean it's going to have to go to the third stage? Well, I don't know. It's going to have to go to the second stage. Again, the second stage, the state's going to argue what I did, that the cold record itself refutes any… The second stage affidavits could be presented, or other matters as well. Okay, then the trial court would provide that at the second stage, and again, the outcome of the proceedings… It's not necessarily an evidentiary hearing, is it? No. But again, it's one step too many that needs to be done in this case. This is not a well-pleaded fact that has to be accepted as true. This is a conclusory statement by the defendant. Well, when you're talking about guys sitting in the joint writing their own PCs, we're not using the standards normally applicable to pleading civil complaints, are we? Right. Doesn't it state the gist, however awkwardly put, of a possible constitutional violation? And putting yourself in the trial judge's shoes, this did not state the gist of it. What if it were a different judge who had occasion to pick this case up? Then it would be at the second stage where this trial court would… So, because the first judge knew stuff that the other judge didn't, the first stage should be dismissed here, but some other judge, it wouldn't. Exactly. Isn't that kind of a strange result? Again, I would submit that this is applicable. So Judge Weber, in McLean County, picks this case up. He doesn't know anything about what Judge Griffith meant. Of course. So he's going to appoint counsel and move this matter over to the second stage, won't he? I mean, I would submit that the record refutes that, but at the worst it gets to the second stage where an affidavit by the trial court… But that's all that we're talking about. You keep talking about evidentiary hearing, but if a first stage, if it's not dismissed… Right, second stage… It's always the second stage, is it? Of course. Not necessarily an evidentiary hearing. Let's see what the state presents. I'm saying more proceedings than necessary in this case. Pursuant to people versus couch, pursuant to the fact that prejudice cannot be established based on Bork, based on couch, based on the fact that the cold record, plain language of the cold record, shows that this benefited defendant, did not harm defendant. If there are no more questions, I thank the court. Say any. Thank you. Rebuttal, Mr. Whitney. Thank you, Your Honors. Briefly, I think what opposing counsel has just done, respectfully, is made an eloquent argument that would be presented at a second or third stage proceeding, but that's precisely the point. It still requires an interpretation of what the trial judge said during the sentencing. Can you walk us through, just assuming the court were to allow the relief that you're requesting here, what happens on remand? You're suggesting a different judge should hear this. Can you walk us through the next step? Another judge evaluates what about Judge Griffith's statement here? Well, another judge would have to interpret it. I imagine the state could call Judge Griffith as a witness to then explain. I think Judge Stegman is correct in his evidence is what we're talking about here, and that's appropriate for an evidentiary hearing. But at least then post-conviction counsel for the defendant would have had an opportunity to develop the argument. There might be a little bit more to the argument that he might discover upon meeting with counsel. We can't anticipate everything. All we know is that he is entitled to be able to make that argument, and that is really the point here. It is not, while it would be difficult, I don't think as state counsel suggests here, that simply the use of the word although used in the context here is absolutely dispositive. The word although is obviously a word of contrast, but in the previous sentence, if you look at the full context, the court said two different things. He said that maybe the defendant has got a little closer to accepting responsibility, but he hasn't accepted responsibility. Well, although could be a contrast to either of those two things. If you look at the full context, every time the sentencing judge uses the word significant, he found it significant that it was a very serious drug offense. He found it significant that he does have two prior felony convictions. He found it significant that he did not testify. Well, the other two occasions where he used the word significant, he used it referring to a factor in aggravation. Maybe that's what he was doing here. I'm not saying it's a great argument. I'm not saying I would bet on post-conviction counsel winning at the second or third stage, but the real point here is if we follow the rules of procedure the way we're supposed to, he gets the opportunity to make that argument, and that's really the point here. The fact that it happened to be the same judge I don't think changes the analysis at all. He's not allowed to consider, much less introduce, matters extrinsic to the record in order to dispose of it at the first stage, and that's really the point here. How it plays out, we can make educated guesses, but it's got to play out. That's really my point here. And if there are no further questions from the court, I will leave it there. Thank you, Your Honor. All right, thank you. Thank you both. The case will be taken under advisement and a written decision shall issue.